IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:12-CR-318-D |
| VS. | § |
| | § |
| EDMOND CHARLES BURKE, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

The government moves for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A) and (B) and 26.2.[1]

The government requests that defendants be ordered to disclose the following: (1) documents that defendants intend to use in their cases-in-chief; (2) digital evidence that defendants intend to use in their cases-in-chief; and (3) results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case. The government also requests that defendants be ordered to produce witness statements pursuant to Rule 26.2.[2]

---

[1] On November 21, 2014, eight of the ten defendants filed an unopposed motion for continuance of trial. Any deadline included in this order that is set for a specific date is based on the current trial setting of February 2, 2015. If the continuance motion is granted, the court will reset any specific date based on the new trial setting. If the court denies the continuance motion, any such specific date will continue to apply.

[2] According to the government, defendant Kevin Jacob Frater does not oppose the motion, and the remaining eight defendants were unavailable to confer regarding the motion. None of the defendants, however, has responded to the motion.

Rule 16(b)(1) provides:

> (A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.
>
> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Rule 16(b)(1)(A) and (B).

The court grants the government's request for production under Rule 16(b)(1)(A) and (B) as to Rani F. Khoury ("Khoury") because he has requested disclosure from the government under Rule 16(a)(1)(E) and (F). The court denies the government's motion requesting reciprocal discovery of Rule 16(b)(1)(A) and (B) materials from the remaining defendants because they have not explicitly requested disclosure under Rule 16(a)(1)(E) and/or (F). No later than January 5, 2015, Khoury must make the required disclosures to the government.

To the extent the government has grounds to assert that a defendant other than Khoury

- 2 -

has made a request for production under Rule 16(a)(1)(A) and/or (B), the government may file a renewed motion for reciprocal discovery within 14 days of the date this memorandum opinion and order is filed.

Concerning the government's request for material covered by Rule 26.2, in accordance with the custom in this district, a defendant must disclose any statement covered by Rule 26.2 no later than the business day preceding the date on which the government will begin its cross-examination of the witness whose statement is being produced.

**SO ORDERED**.

November 24, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE