IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:12-CR-318-D(3) |
| VS. | § | |
| | § | |
| FABIAN C. FLEIFEL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Fabian Fleifel ("Fleifel") has filed several pretrial motions that the court

decides by this memorandum opinion and order.[1]

I

*Motion for Disclosure of Rule 404(b) Evidence and its Purpose and
Motion* in Limine *Regarding Uncharged Acts of Misconduct*

Fleifel moves the court to require the government to disclose any evidence that it

intends to offer at trial under Fed. R. Evid. 404(b), and to state the general purpose for which

any such evidence is offered.  He also requests that the court convene an evidentiary hearing

before trial to determine the admissibility of any Rule 404(b) evidence that the government

intends to offer at trial.  In a separate motion *in limine*, Fleifel requests that the court instruct

_____

[1]On November 21, 2014, eight of the ten defendants filed an unopposed motion for continuance of trial.  Any deadline included in this memorandum opinion and order that is set for a specific date is based on the current trial setting of February 2, 2015.  If the continuance motion is granted, the court will reset any specific date based on the new trial setting.  If the court denies the continuance motion, any such specific date will continue to apply.

the attorney for the government, and, through such counsel, any and all government witnesses, to refrain from mentioning, directly or indirectly, in the jury's presence any uncharged acts of misconduct alleged to have been committed, or engaged in, by him, until a hearing has been held outside the jury's presence.

The government responds that it will comply with Fleifel's disclosure request to the extent required by Rule 404(b)—that is, that it will provide a statement of the general nature of the evidence and the purpose for which it is being offered—and it states that it will do so at the time pretrial material is due under the court's scheduling order, i.e., 14 days prior to trial. The government opposes the motion to the extent Fleifel's request exceeds the scope of Rule 404(b). It also opposes Fleifel's request for a pretrial hearing, although it does not oppose a brief, appropriate hearing outside the jury's presence during trial.

To the extent the government has agreed to comply with its obligations under Rule 404(b), Fleifel's motion is denied as moot. To the extent Fleifel's request exceeds what Rule 404(b) requires, the motion is denied. The government must provide the notice required by Rule 404(b) no later than 14 days before the date the trial commences (i.e., Tuesday, January 20, 2015, because 14 days before February 2, 2015 is a federal holiday).

The court denies Fleifel's request for a pretrial evidentiary hearing to determine the admissibility of Rule 404(b) evidence. A pretrial hearing is not required, and a ruling on the admissibility of Rule 404(b) evidence often requires that the court assess proof offered, or positions taken, by a party during the trial itself. Instead, the court will grant Fleifel's related motion *in limine* to the extent that the government must not disclose Rule 404(b) evidence

to the jury until it has obtained a ruling outside the jury's presence that the evidence is admissible.

Except to the extent the court is granting Fleifel's motion for disclosure of Rule 404(b) evidence and its purpose, and motion *in limine* regarding uncharged acts of misconduct, the motions are denied.

II

*Motion for Evidence Favorable to Defendant*

Fleifel moves the court to order the government to disclose any evidence that is exculpatory or favorable to him and that could lead to evidence that is exculpatory or favorable.  He identifies 15 particular categories that he maintains would be exculpatory. Fleifel also requests that the government's attorney be ordered to examine her files and to question government agents, informants, or other persons working with the government in this case regarding their knowledge of any such evidence or materials.  He also requests that he be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

In response, the government states that it will comply fully with its obligations under Fed. R. Crim. P. 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  The government objects to the motion to the extent that Fleifel's requests exceed the scope of any disclosures required by law, or place a greater burden on the government than the law provides.

- 3 -

To the extent Fleifel requests discovery that the government is required, or has offered, to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady* and its progeny, and/or *Giglio* and its progeny, the motion is denied as moot. The government will be expected to comply with its obligations under *Brady*, *Giglio*, and the Jencks Act, and these rules. To the extent Fleifel's requests exceed what is required by these authorities, the motion is denied. The government need not produce Jencks Act materials or statements discoverable under Rule 26.2 until the deadline specified *infra* at § VII.

III

*Motion for Early Designation of Government's Expert Witnesses*

Fleifel moves the court to require the government to designate no later than January 5, 2015 whom, or at least what category of expert witness, the government intends to call in its case-in-chief, the credentials of such expert witness, any documentation that the expert has reviewed to give his opinion, and a general summary of the testimony sought from the expert. The government responds that it does not oppose Fleifel's motion. It agrees to designate its experts, if any, by January 5, 2015. It also requests that the court order Fleifel to designate his experts by January 12, 2015.

Because the government does not oppose Fleifel's motion, the court denies the motion as moot, on the assumption that the government will comply with its Rule 16(a)(1)(G) expert obligations no later than January 5, 2015.

The court grants the government's request that Fleifel be ordered to designate his experts, except that the court sets January 20, 2015 as the deadline for him to make any such

- 4 -

designation.

## IV

*Motion for Disclosure of Plea Bargain Agreements*

Fleifel moves the court to require the government to disclose plea agreements, and/or drafts thereof, between the government and any person who will be a witness for the government.  He also requests related information regarding witnesses who have reached other understandings with the government in exchange for their testimony.   Fleifel specifically requests that the government be required to produce contemporaneous notes made by case agents during proffer sessions or notes or reports of interviews of cooperating witnesses.

The government responds that it will comply with Fleifel's requests by producing all plea agreement documents and any documents reflecting promises made to testifying witnesses.  It also identifies two other cases in which coconspirators charged in the instant case are also charged.   The government opposes the motion to the extent Fleifel seeks disclosure beyond that to which he is legally entitled by law or places a greater burden on the government than the law provides.  It states that it will comply with its obligations under *Giglio* and its progeny, and all court orders.

To the extent the government has agreed to comply with its obligations under *Brady* and *Giglio*, the court denies the motion as moot.  To the extent Fleifel's motion exceeds the government's obligations under *Brady* and *Giglio*, the motion is denied.

Regarding Fleifel's requests for contemporaneous notes made by agents during proffer

sessions or notes or reports of interviews of cooperating witnesses, the court orders the government to disclose any agent notes to the extent required to do so by *Brady* or *Giglio*. Additionally, the government must disclose any material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f). To the extent Fleifel's motion seeks more than that to which the government has agreed, or that exceeds the government's obligations under *Brady* or *Giglio*, the Jencks Act, or Rule 26.2, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

V

*Motion for Early Production of Statements of Witnesses*

Fleifel moves the court to require the government to produce 18 U.S.C. § 3500 witness statements—i.e., Jencks Act statements—14 days prior to trial. In response, the government agrees to fully comply with 18 U.S.C. § 3500, but it opposes any requirement that it disclose such materials sooner than one day before the witness to whom the material pertains testifies, citing the long-standing practice in the Dallas Division of this court.

18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination. In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness.

- 6 -

Therefore, the court orders the government to comply with the Jencks Act and Rule 26.2(a) no later than the business day preceding the date on which Fleifel will begin his cross-examination of the witness whose statement is being produced.  To the extent Fleifel requests greater relief, the motion is denied.

VI

*Motion for Hearing on Admissibility of Statements*
*Made by Unavailable Witnesses or Alleged Coconspirators*

Fleifel moves for a pretrial hearing to determine the admissibility of any statements made by unavailable witnesses or alleged coconspirators.  Although he refers generally to unavailable witnesses, he focuses in his motion on evidence that he maintains the government intends to offer under Fed. R. Evid. 801(d)(2)(E), the coconspirator exception to the hearsay rule.  Fleifel requests that the court order that a pretrial hearing[2] be conducted to determine that such evidence is admissible before it is introduced at trial.

The government responds that a separate hearing is not mandatory under *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc); that the court retains the discretion to decide whether to conduct such a hearing; and that the court is authorized to, and should, carry its ruling on the existence of a conspiracy, the identities of the members of the conspiracy, and the admissibility of coconspirator statements against certain defendants, subject to the government's later connection in its case-in-chief.

---

[2]This type of hearing is referred to as a *James* hearing.  *See United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc).

In *James* the Fifth Circuit held that coconspirator statements are admissible as non-hearsay under Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. *James*, 590 F.2d at 581. But "[a] *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added). Deciding "[w]hether a *James* hearing is necessary in a particular case [is] within the discretion of the trial court." *Id.* "*James* has *never required* a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added). In this case, the court concludes that convening such a hearing would be burdensome and effectively result in a mini-trial of potentially considerable length, given that one of Fleifel's requests is that the government be required to prove at the hearing the existence of a conspiracy and of Fleifel's participation in it at the time the statement was allegedly made. Presumably, Fleifel would insist that the government make this showing through the witnesses whom the government intends to call to testify at trial. The government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements. Accordingly, the court denies the motion.

The court recognizes that, during the trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant

to Rule 801(d)(2)(E)] before admitting declarations of a coconspirator." *Fragoso*, 978 F.2d at 900.  In complying with Rule 801(d)(2)(E), the court must determine whether there is sufficient "'evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.'"  *Id.* (quoting *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (internal quotation marks omitted)).  The court will adhere to these requirements in trying this case.

VII

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than December 29, 2014 with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Fleifel has requested.  Concerning material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f), in accordance with the custom in this district, the government must comply with the Jencks Act and Rule 26.2(a) no later than the business day preceding the date on which Fleifel will begin his cross-examination of the witness whose statement is being produced.

**SO ORDERED**.

November 24, 2014.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE