IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:12-CR-318-D |
| VS. | § | |
| | § | |
| EDMOND CHARLES BURKE, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In their response to the government's second motion for reciprocal discovery, defendants Kari Lynn Cash ("Cash") and Fabian C. Fleifel ("Fleifel") requested discovery-related relief. They contended that the government had failed to produce victim questionnaires that they had previously requested and that the court had ordered produced, and that the government had not complied with its expert disclosure obligations under Fed. R. Crim. P. 16(a)(1)(G), and they requested that the court order the government to produce these materials. Because Cash and Fleifel included these requests in their response to the government's motion for reciprocal discovery, the court granted the government leave to file a reply for purposes of responding to the requests. *See United States v. Burke*, 2015 WL 1931327, at *3 (N.D. Tex. Apr. 29, 2015) (Fitzwater, J.). The government has filed its reply.

I

Cash and Fleifel request that the court order the government to produce all evidence that defendants previously requested and that the court ordered produced. They cite as an

example victim questionnaires that the government has allegedly been attempting to redact since March 2014, but has still not produced. The government responds that on May 1, 2015 it made available to each defendant a disc containing the scanned, unredacted victim questionnaires that Cash and Fleifel seek. Cash and Fleifel do not cite any other examples (aside from the expert disclosures discussed *infra* in § II) of the government's failure to comply with discovery requests or court orders. The court therefore denies without prejudice as moot Cash and Fleifel's request that the court order the government to produce the victim questionnaires.

II

Cash and Fleifel also request that the court order the government to comply with its discovery obligations under Rule 16(a)(1)(G) by disclosing the name of each expert witness that the government intends to use in its case-in-chief, the credentials of each expert witness, the underlying material that the expert witness is going to rely upon to give opinions, and a general summary of each expert witness' testimony. The government contends that it has already complied with the requirements of Rule 16(a)(1)(G) in providing to defendants a notice of expert witnesses in which the government sets out the anticipated topics of testimony of the Senior Forensic Computer Analyst that it intends to call as well as the topics of testimony anticipated from witnesses from the Florida Department of Agriculture & Consumer Services, the Florida Department of Business Professional Regulation Division of Real Estate, and Regions Bank. But by its own admission, the government has not provided a curriculum vitae ("CV") for any listed expert witness; it states that it will provide

the CVs as soon as it receives them from the witnesses.

>Rule 16(a)(1)(G) provides:
>
>>At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial . . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The government has not satisfied Rule 16(a)(1)(G), which requires that expert disclosures include the witness' opinions, the basis and reasons for the opinions, and the witness' qualifications. Although the government has provided defendants a list of anticipated topics, a list of topics or the general subject matter about which an expert witness may testify is not sufficient to comply with Rule 16(a)(1)(G). *See United States v. Beavers*, 756 F.3d 1044, 1054 (7th Cir. 2014); *United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001); *United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007). It appears from the government's description that it has not provided defendants a summary that describes the witness' opinions, the bases and reasons for the opinions, and the witness' qualifications. The court therefore grants Cash and Fleifel's request and orders the government to fully comply with

its obligations under Rule 16(a)(1)(G) no later than June 5, 2015 at 5:00 p.m.

**SO ORDERED**.

May 28, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE