IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:12-CR-318-D(3) |
| VS. | § |
| | § |
| FABIAN C. FLEIFEL, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Fabian Fleifel ("Fleifel") was convicted by a jury of one count of conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 1349; multiple counts of mail fraud, in violation of 18 U.S.C. § 1341, and telemarketing fraud, in violation of 18 U.S.C. § 2326; and multiple counts of wire fraud, in violation of 18 U.S.C. § 1343, and telemarketing fraud, in violation of 18 U.S.C. § 2326. The jury also found beyond a reasonable doubt that the conspiracy charged in count one involved a scheme to defraud that affected a financial institution. In finding that Fleifel had committed telemarketing fraud, the jury found that the offenses of mail and wire fraud, committed in connection with the conduct of telemarketing, victimized ten or more persons over the age of 55. Fleifel moves under Fed. R. Crim. P. 29(c) for a judgment of acquittal, and he moves contingently under Rule 29(d)(1) for a new trial.

I

Fleifel maintains that he is entitled to a judgment of acquittal because, although there was testimony regarding his role in the conspiracy (count one) and in the substantive counts (counts two through twenty-six), the testimony was unreliable, and the evidence was at best speculative. He posits that for convictions that rely on purely circumstantial evidence, the test is more narrowly construed, and the defendant must be acquitted when no reasonable jury could find him guilty of an offense because the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence; the court is empowered to consider whether the inferences drawn by the jury were rational rather than speculative or insupportable, and to evaluate whether the evidence is sufficient to establish every element of the crime; the court has a duty to grant a motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt, and a verdict cannot rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference; the Fifth Circuit has routinely held that no reasonable jury could convict a defendant where the government has done nothing more than pile inference upon inference to prove guilt; and although the government may rely on reasonable inferences from the evidence, the inferences must be reasonable rather than speculative and conjectural. Fleifel argues that the prosecution relied heavily on speculation and conjecture in an attempt to prove the elements of each count of the indictment, and relied on witness testimony that was unreliable. He asserts that the court's role in assessing the sufficiency of the evidence motion is especially

important in an emotionally charged case like this one, where victims of a certain age were alleged to be taken advantage of, and where there is no reliable evidence of his involvement or knowledge of the alleged conduct.

Regarding count one, Fleifel contends that the government was obligated to present sufficient evidence for a reasonable jury to find beyond a reasonable doubt that he knowingly conspired with others to commit the offenses of mail fraud, wire fraud, and bank fraud, that is, that he conspired with codefendants or someone else to do something that, if actually carried out, would be a violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, or 18 U.S.C. § 1344. Fleifel maintains that the government failed to produce sufficient evidence to support the first and second elements of the conspiracy offense because there was no evidence that he conspired with any of the codefendants to conduct the offenses of mail, wire, or bank fraud. He relies on the principle that mere presence at the scene of the crime or close association with a coconspirator will not support the inference of a conspiracy, arguing that the government only introduced testimonial evidence in an attempt to speculate that he and a codefendant or another person entered into an agreement to commit bank, wire, or mail fraud, and that he knew this was unlawful and willfully joined to further the conspiracy. Fleifel also relies on the rule that a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator, and he maintains that the "lion's share of the government's conspiracy case," Mot. 5, came from the testimony of debriefed government witnesses; the government's direct evidence only showed that he worked with the codefendants; the government did not prove

beyond a reasonable doubt that he knew of the unlawful acts; the government relied on testimony that was clearly misguided and untruthful in that every codefendant had a different story regarding Fleifel's role, if any, in conducting illegal activity; and the government did not introduce any reliable testimony or other evidence to establish that Fleifel conspired with anyone to commit the offense of mail, bank, or wire fraud.  He maintains that the circumstantial evidence of his guilty knowledge is weak and is as hospitable to an interpretation consistent with his innocence as the government's theory of guilt, that there is no evidence that he knew of any scheme to defraud customers, and that it is purely speculative that he knew of the codefendants' scheme to defraud.  Fleifel then sets out in some detail why he maintains that the evidence should be deemed insufficient to convict him on count one.

Concerning the penalty enhancement for a scheme to defraud that "affected" a financial institution, Fleifel maintains that Agent J.D. Butler was the only witness who provided any testimony regarding a loss amount to a financial institution, and this testimony was not alone sufficient to prove that a financial institution was harmed or that Fleifel intended to harm a financial institution, and there was no testimony from a financial institution that it was in fact harmed or suffered a loss.

Regarding counts two through twenty, which charged mail fraud and telemarketing fraud, Fleifel focuses on the requirement for guilt as an aider and abettor that he must have willfully associated himself in some way with the criminal venture and willfully participated in it as he would in something he wished to bring about.  He posits that he did not willfully

associate himself with the codefendants concerning the conspiracy, or counts two through twenty, and he explains in detail why he contends the evidence was insufficient to prove beyond a reasonable doubt that he did. Fleifel also maintains that the government failed to prove beyond a reasonable doubt that the enhancement applied for the use of telemarketing to victimize ten or more persons over the age of 55 in connection with fraud. He asserts that the government brought fewer than ten customers to testify that they were over the age of 55, and relied instead on Brad Gomez's purely speculative testimony that telemarketers were often speaking with people over the age of 55.

Finally, as to counts twenty-one through twenty-six, which charged wire fraud and telemarketing fraud, Fleifel relies on his earlier arguments to contend that the government failed to prove each element of these counts beyond a reasonable doubt. Regarding counts twenty-one, twenty-three, and twenty-five, specifically, he contends that each count involved VRI; it was clear that he did not enter into any agreement with the codefendants regarding VRI; VRI was owned and operated by Rani Khoury and Edmond Burke, who testified that Fleifel was not part of VRI and that they were not on speaking terms; and codefendant Courtney Lister decided to process for VRI against Fleifel's wishes.

II

"'A motion for judgment of acquittal challenges the sufficiency of the evidence to convict.'" *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)). "When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The evidence is sufficient to support the conviction if, when viewing the evidence and any valid inferences from the perspective favorable to the verdict, 'a rational juror could have found [the] defendant[] guilty beyond a reasonable doubt.'" *United States v. Adams*, 338 Fed. Appx. 417, 420 (5th Cir. 2009) (per curiam) (quoting *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999)). "The jury makes credibility determinations and can find guilt even when some 'reasonable hypothesis of innocence' could be said to exist." *Id.* (quoting *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007)). "Accepting or rejecting [the testimony of witnesses] [is a] matter[] for the evaluation of the jurors. It is the jury's unique role to judge the credibility of witnesses, evaluate witnesses' demeanor, resolve conflicts in testimony, and weigh evidence in drawing inferences from the facts." *Id.* (citation omitted) (citing *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998)). When viewing the evidence in the light most favorable to the government, the court "accept[s] all reasonable inferences which tend to support the jury's verdict." *United States v. McDow*, 27 F.3d 132, 135 (5th Cir. 1994). "'The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.'" *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999) (quoting *United States v. Burton*, 126 F.3d 666, 669-70 (5th Cir. 1997)).

Applying the relevant standards, the court holds that a rational juror could have found

Fleifel guilty beyond a reasonable doubt on each count charged. Although in reaching this conclusion the court is not limited to the arguments made and evidence cited in the government's response, the response amply demonstrates why each of Fleifel's convictions should stand under the instructions the court gave the jury in its charge.

III

Concerning the penalty enhancements, the statutory maximum sentence under 18 U.S.C. § 1341 and 18 U.S.C. § 1343 increases when the government proves beyond a reasonable doubt that the offense "affect[ed] a financial institution." A scheme to defraud "affects a financial institution" if the scheme exposes the financial institution to a new or increased risk of loss. Regarding count one—to which this enhancement applies—the government proved beyond a reasonable doubt that the conspiracy exposed at least one financial institution named in the indictment to a new or increased risk of loss.

18 U.S.C. § 2326 provides an additional penalty when a person who, having been convicted of mail or wire fraud, in connection with the conduct of telemarketing, victimizes ten or more persons over the age of 55. Fleifel challenges the sufficiency of the evidence that there were ten or more victims over the age of 55. But the government correctly points to direct and circumstantial evidence that would have enabled a reasonable jury, drawing reasonable inferences from the evidence, to find beyond a reasonable doubt that the mail and wire fraud, in connection with the conduct of telemarketing, victimized ten or more persons over the age of 55.

IV

Fleifel's alternative motion for new trial is denied. Fleifel moves contingently under Rule 29(d)(1) for a new trial. Rule 29(d)(1) provides: "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." Because the court is not entering a judgment of acquittal after the guilty verdict, Fleifel's motion for a new trial under Rule 29(d)(1) is denied.

\* \* \*

Fleifel's motion for judgment of acquittal under Rule 29(c) and his contingent motion for a new trial under Rule 29(d)(1) are denied.

**SO ORDERED**.

September 22, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE