IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | No. 3:12-CR-318-D(3) |
| | § | |
| FABIAN C. FLEIFEL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Fabian C. Fleifel's ("Fleifel's") July 6, 2021 *pro se* motion to unseal grand jury transcripts is denied.

I

Fleifel was convicted by a jury of 26 counts of (1) conspiracy to commit mail fraud, wire fraud, and bank fraud, (2) mail fraud, (3) wire fraud, (4) telemarketing, and (5) aiding and abetting, and was sentenced to 168 months' imprisonment and a two-year term of supervised release. The Fifth Circuit affirmed the conviction. *United States v. Fleifel*, 689 Fed. Appx. 817 (5th Cir. 2017) (per curiam). Fleifel's motion for collateral relief under 28 U.S.C. § 2255 was received on August 28, 2018, and Fleifel was granted leave to amend the § 2255 motion on October 25, 2018. On June 1, 2021 Fleifel moved to amend his § 2255 motion a second time to add claims of actual innocence, ineffective assistance of counsel, and prosecutorial misconduct based on mistaken identity. Fleifel's June 1, 2021 motion to amend was granted on June 18, 2021. Fleifel now seeks to unseal grand jury transcripts in order to support his § 2255 claims relating to mistaken identity.

Fed. R. Crim. P. 6(e) prohibits disclosure of grand jury materials except in limited circumstances. A party seeking disclosure must "show that 'a particularized need' exists for the

materials that outweighs the policy of secrecy." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). To carry this burden, a defendant must show that the material is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that his request is limited to cover only the material necessary. *Id.*[1]

Fleifel has not met this burden of demonstrating particularized need. He alleges that the grand jury "handed down a (26) count indictment . . . against (10) defendants, one of whom is named 'Fabien C. 'Charles' Fleifel', date of birth May 10, 1972, who according to federal prosecutors and their agents was a 'citizen of Kuwait' with a 'South American wife' associated with a 'Vacation Realty International Inc.'" Mot. 2. Although the indictment identifies "Fabian C. Fleifel" as a defendant, it does not reference a "Fabien C. 'Charles' Fleifel,"[2] does not include a date of birth for Fleifel or any other defendant, makes no reference to Fleifel's citizenship or spouse, and discusses Vacation Realty International, Inc. in connection with the charged conspiracy and Fleifel's coconspirators. He also generally alleges that "prosecutors and Federal agents falsely identified the Petitioner to a Federal Grand Jury as a 'Fabian Charles Fleifel, DOB May 10, 1972,' and referred

---

[1] At least one district court in this circuit has held that a court lacks jurisdiction to consider a post-conviction motion seeking the disclosure of grand jury materials under Fed. R. Crim. P. 6 while a § 2255 motion is pending. *See United States v. Rutherford*, 2020 WL 7389193, at *2 (S.D. Tex. Dec. 15, 2020) (citing *United States v. Varner*, 948 f.3d 250, 253 (5th Cir. 2020) (holding that district court lacked jurisdiction to consider defendant's request to change his name on the judgment because it was not authorized by statute and did not fall into "any of the recognized categories of postconviction motions.")). But because the Fifth Circuit has not expressly applied the analysis underlying *Varner* in the context of post-conviction motions under Rule 6(e), the court will address the merits of Fleifel's request. *Compare Miramontez*, 995 F.2d at 59 (affirming district court's post-conviction denial on the merits of the defendant's Rule 6(e) motion for disclosure of grand jury materials filed after denial of all post-conviction motions for relief), *with Carvajal*, 989 F.2d at 170 (per curiam) (holding that the district court lacked jurisdiction over motion requesting grand jury transcripts where judgment had been entered and § 2255 motion had been resolved).

[2] "Charles" is referenced throughout the indictment as the middle name of codefendant Edmond Charles Burke.

to legal telemarketing as 'Fraudulent Boiler Rooms.'" Mot. 9. Fleifel's belief that the government or witnesses provided the grand jury information that did not support portions of the indictment, or that is not indicated in the indictment, is not sufficient to warrant disclosure of grand jury transcripts. *See, e.g.*, *United States v. Hines*, 2009 WL 10672750, at *1 (N.D. Tex. Dec. 31, 2009) (Means, J.) (concluding that defendant's "belief that the testimony presented to the grand jury did not support a portion of the indictment against him is not sufficient to justify disclosure [of grand jury testimony].") (citing *United States v. Jackson*, 2007 WL 2025195, at *1 (W.D. La. July 9, 2007)).

Further, Fleifel cannot establish that grand jury transcripts are necessary to avoid injustice in another judicial proceeding. Fleifel's § 2255 motion is pending in No. 3:18-CV-2289-D, and his request for grand jury transcripts is premised on his claims of mistaken identity in his § 2255 case. As noted, Fleifel's June 1, 2021 motion to amend his § 2255 motion to add claims based on mistaken identity was granted. His current request for grand jury transcripts therefore amounts to nothing more than a "fishing expedition" to uncover additional materials that he believes may support his pending § 2255 motion or a potential future, successive § 2255 motion. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (holding that defendant cannot "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."); *In re McDermott & Co.*, 622 F.2d 166, 172 (5th Cir. 1980) (stating that party cannot obtain grand jury transcripts for use in a potential future judicial proceeding). Fleifel has also failed to make any effort to limit his request to cover only the alleged material necessary. Accordingly, Fleifel's motion to unseal grand jury transcripts is denied.

II

The court prospectively certifies that any appeal from this memorandum opinion and order

would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this finding, the court adopts and incorporates the reasons set out above, *see Baugh v. Taylor*, 117 F.3d 197, 202 n. 21 (5th Cir. 1997), and finds that any appeal of this memorandum opinion and order would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 77 F.2d 215, 220 (5th Cir. 1983). If Fleifel appeals this decision, he may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

III

The clerk is directed to open for statistical purposes a new civil action (nature of suit 540 directly assigned to the same District Judge and Magistrate Judge as in this criminal case), and to close the same on the basis of this order. *See Miramontez*, 995 F.2d at 58 (holding that the defendant's request for grand jury transcripts was civil in nature for purposes of determining timeliness of notice of appeal).

**SO ORDERED**.

July 9, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE