IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal Action No. 3:12-CR-318-D(03) |
| VS. | § |
| | § |
| FABIAN C. FLEIFEL, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Fabian C. Fleifel ("Fleifel") moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. For the following reasons, the court denies Fleifel's motion to the extent that he seeks compassionate release, and it dismisses the motion for lack of jurisdiction to the extent that Fleifel's attempt to challenge the legality of his underlying sentence should be construed as a successive § 2255 motion.

I

Fleifel was convicted by a jury of one count of conspiracy to commit mail fraud, wire fraud, and bank fraud and 25 counts of aiding and abetting mail fraud telemarketing. On February 5, 2016 the court sentenced him to 168 months' imprisonment to be followed by 2 years of supervised release. Fleifel appealed his convictions and sentence, and the Fifth Circuit affirmed in June 2017. The following year, Fleifel filed a motion to vacate under 18 U.S.C. § 2255, which the court denied. In April 2020 Fleifel filed an emergency motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asserting that his age and health

issues made him vulnerable to COVID-19. The court denied the motion and Fleifel's subsequent motion for reconsideration. In 2021 the Fifth Circuit affirmed both denials. Fleifel now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on alleged "extraordinary and compelling circumstances." D. Br. 2. The government opposes the motion.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are

---

[1]Fleifel states that he "submitted a written time stamped request to warden Ramos at Butner FCI Camp on October 17, 2021 requesting a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)" and that as of December 8, 2021 Warden Ramos had "failed to respond and more than 30 days have elapsed." D. Mot. 2. He attaches as an exhibit to his motion a copy of what appears to be an October 17, 2021 email to Warden Ramos stating: "I am sending you this email to request compassionate release in pursuant to 18 U.S.C. § 3582(c)(1)(A)." D. Ex. 1. Based on Fleifel's representations and supporting evidence, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Fleifel contends that extraordinary and compelling circumstances warrant a sentence reduction because this court improperly sentenced him using a "flawed loss calculation." D. Mot. 3. He maintains that this court erred in adopting the presentence report, which recommended an "18 level enhancement increase from 15 for a foreseeable loss attributable to Fleifel of over $3.5 Million derived from the Government's 'flawed loss amount.'" *Id.* at 10. And he posits, *inter alia*, that if the court had conducted a "'fact finding exercise' beyond just the 'deposits and withdrawals' of each account and taking into account payroll, chargebacks, transfers, marketing expenses, refunds, leases, and day to day operating expenses, the Court would have a 'reasonably foreseeabl[e] loss' of nearly nothing attributed to Fleifel." *Id.* Fleifel also contends that, had he been sentenced properly after a "fact finding exercise," it is more likely than not that he will already have served three times what the proper offense level guidelines suggest.

The court disagrees with Fleifel that it erred in calculating the advisory sentencing guideline range and therefore declines to find on this basis that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. But even assuming

*arguendo* that he has shown an extraordinary and compelling reason, the court concludes below that his motion should be denied after considering the § 3553(a) factors. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Fleifel is currently serving a 168-month sentence for committing a very serious federal offense that involved numerous acts of fraud occurring over a period of several years. He has not accepted responsibility for his criminal conduct and has denied his guilt. His projected release date is July 27, 2027. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "'requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Fleifel is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct"). Fleifel's December 8, 2021 emergency motion for immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act is denied.

V

A

To the extent that Fleifel's motion can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)).  Because Fleifel previously filed a § 2255 motion that was denied on the merits, *see Fleifel v. United States*, 2021 WL 3195028 (N.D. Tex. June 18, 2021) (Ramirez, J.), *rec. adopted*, 2021 WL 3192170 (N.D. Tex. July 28, 2021) (Fitzwater, J.), he must first obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can pursue a successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(3).  He has not received authorization from the Fifth Circuit to file a successive § 2255 motion here.  Accordingly, Fleifel's attempt to challenge the legality of his underlying sentence, construed as a successive § 2255 motion, is dismissed for lack of jurisdiction.

B

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court

- 6 -

denies a certificate of appealability as to Fleifel's construed successive § 2255 motion.[2] The court finds that Fleifel has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Fleifel files a notice of appeal:

( )  he may proceed *in forma pauperis* on appeal.

(**X**)  he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

April 12, 2022.

                                                                            SIDNEY A. FITZWATER
                                                                           SENIOR JUDGE

---

[2] No certificate of appealability is required for Fleifel to appeal the part of this memorandum opinion and order that denies his motion for compassionate release.